```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

PATRICIA BURKE,                       :

                Plaintiff,            :

        - against -                   :
                                              MEMORANDUM DECISION
PRICEWATERHOUSECOOPERS LLP            :
LONG TERM DISABILITY PLAN and                 06 Civ. 7683 (DC)
THE HARTFORD LIFE AND ACCIDENT        :
INSURANCE COMPANY,
                                      :
                Defendants.
                                      :
- - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/2008

**APPEARANCES:**      BINDER & BINDER, P.C.
                      Attorneys for Plaintiff
                            By:  Patrick Henry Busse, Esq.
                      2805 Veterans Memorial Highway, Suite 17
                      Ronkonkoma, New York  11779
                              - and -
                            By:  Stephane Maximilien Montas, Esq.
                      215 Park Avenue South, 6th Floor
                      New York, New York  10003

                      SEDGWICK, DETERT, MORAN & ARNOLD, LLP
                      Attorneys for Defendants
                            By:  Michael H. Bernstein, Esq.
                                 John T. Seybert, Esq.
                      125 Broad Street, 39th Floor
                      New York, New York  10004

**CHIN, District Judge**

Plaintiff Patricia Burke, a former employee of PriceWaterHouseCoopers LLP ("PWC"), brings a claim under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against defendants PWC Long Term Disability Plan and the Hartford Life and Accident Insurance Company ("Hartford"), challenging the denial of long-term disability ("LTD") benefits. The parties have consented to a summary trial on the stipulated administrative record and have

agreed that the Court may decide any disputed issues of fact. The dispositive issue in this case, however, is the threshold issue whether Burke's ERISA claim is time-barred.  For the reasons that follow, I hold that the claim is time-barred. Accordingly, judgment will be entered dismissing the complaint.

## BACKGROUND

### A.  The Facts

On April 22, 2002 following knee surgery, Burke filed a claim for short-term disability ("STD") benefits under the PWC Health and Welfare Benefits Plan (the "Plan").  (AR 386, 414).[1] She received STD benefits for the maximum period, ending October 20, 2002.  (AR 389).  Burke then submitted an application for, and received, LTD benefits beginning on the date when her STD benefits were exhausted.  (AR 351).

According to the Plan, Hartford "may request Proof of Loss throughout [the claimant's] Disability.  In such cases, [Hartford] must receive the proof within 30 days of the request." (AR 18).  The Plan also contained a limitations provision, which precluded claimants from bringing legal action more than "three years after the time written Proof of Loss is required to be furnished."  (AR 19).

On March 28, 2003, Hartford requested that Burke submit a Proof of Loss, including a Physical Capacities Evaluation to be completed by her treating physician, Dr. Thomas Wickiewicz.  (AR

---

[1] Citations to "AR" refer to the stipulated administrative record.

337-38; see AR 18 (Plan documents specifying that "Proof of Loss may include but is not limited to . . . the prognosis of Your Disability . . . [and] any and all medical information")).  Dr. Wickiewicz submitted an evaluation on April 25, 2003, indicating that Burke was "permanently disabled," but could work a maximum of a total of eight hours a day.  (AR 329-31).  Hartford asked Dr. Wickiewicz to clarify the seemingly contradictory indications in his evaluation by May 5, 2003.  (AR 286).

By May 12, 2003, Hartford did not receive a response from Dr. Wickiewicz, and so Hartford notified Burke in writing that it was terminating her LTD benefits as of April 30, 2003 because "the weight of the medical evidence" did not support continuing LTD benefits.  (AR 323-26).  On June 10, 2003, Burke filed an appeal (AR 267-85), which Hartford denied on October 1, 2003 (AR 123-26).

**B.   Prior Proceedings**

Burke filed the instant action on September 25, 2006, challenging the termination of her LTD benefits under the terms of the Plan.  The parties thereafter consented to a summary trial on the stipulated administrative record and waived their right to call witnesses.

## DISCUSSION

Defendants argue that Burke's claim is time-barred because of the Policy's limitations provision.  They contend that (1) her claim began to accrue on April 27, 2003, thirty days after Hartford requested written Proof of Loss; (2) she was

contractually required by the Policy to file suit no later than three years after the Proof of Loss was due, i.e., no later than April 27, 2006; and (3) her claim is time-barred because she did not commence this suit until September 25, 2006.  In response, Burke argues that the contractual limitations clause in the Policy is unenforceable as a matter of law, relying on Mitchell v. Shearson Lehman Bros., Inc., No. 97 Civ. 526 (MBM), 1997 WL 277381 (S.D.N.Y. May 27, 1997).

        The issue thus presented is the enforceability of the contractual limitations provision in the Policy.  I discuss first the legal principles generally applicable to statutes of limitations on the filing of ERISA claims challenging the denial of benefits.  I then turn to the enforceability of the limitations provision in the Policy.

**A.    Statutes of Limitations for ERISA Claims**

        It is well established that because ERISA does not contain a statute of limitations, courts generally apply "the most nearly analogous state limitations statute."  Miles v. New York State Teamsters Conference Pension & Ret. Fund, 698 F.2d 593, 598 (2d Cir.), cert. denied, 464 U.S. 829 (1983).  The Second Circuit has held that in New York, the six-year statute of limitations for breach of contract claims generally governs ERISA claims for denial of benefits brought under § 1132.  Id.; see N.Y. C.P.L.R. § 213 (2007 McKinney).  Miles, however, did not involve a contractual limitations period; the Second Circuit's decision makes no mention of any provision in the policy setting a time limit on the filing of claims.

Parties to a contract, of course, may agree on a limitations period shorter than that prescribed by statute. Indeed, C.P.L.R. § 201 explicitly permits a shorter limitations period where "prescribed by written agreement." N.Y. C.P.L.R. § 201. Therefore, where a benefit plan provides a limitations period shorter than six years, such as the Hartford Plan, the contractual period governs. See Mitchell, 1997 WL 277381, at *2. Hence, the time period for Burke to file an ERISA claim is three years, as set forth in the Policy.

Once the limitations period is fixed, the next inquiry is to determine when the cause of action accrues, such that the limitations period begins to run. In Miles, the Second Circuit held that an ERISA cause of action begins to accrue "when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries." Miles, 698 F.2d at 598. Again, however, the insurance policy at issue in Miles did not contain a contractual limitations provision, and so the court looked to state law on trusts and estates to determine when the statute of limitations for an ERISA cause of action began to run. Id. The court did not address the situation where a policy contained a limitations provision specifying when a claim accrued.

In Mitchell, Judge Mukasey was confronted with a policy-prescribed limitations provision identical to the one at issue here, and he held that the provision was unenforceable. He held that a § 1132 claim for improper denial of benefits instead accrues "when there has been a clear repudiation by the fiduciary

made known to the beneficiary."  Id. at *2.  If this accrual standard is applied, Burke's § 1132 claim might still be timely.[2]  Thus, the question of when Burke's § 1132 claim began to accrue is an outcome determinative issue in this case.

Judge Mukasey relied heavily on the Ninth Circuit's decision in Price v. Provident Life & Accident Ins. Co., 2 F.3d 986 (9th Cir. 1993).  The Price court was the first federal court to replace a policy-prescribed accrual date with the "clear repudiation" standard.  In Price, the claimant apparently did not know that the insurer had denied coverage of medical expenses, which were initially paid by Medicaid, until nearly six years later when Medicaid sought repayment.  The insurance company argued that the claim was time-barred under the policy's three-year limitations period, which had begun running from "the date on which the proof of loss was required to be furnished."  Id. at 988.  The Ninth Circuit, however, concerned that a plan

---

[2] It is undecided in the Second Circuit whether a § 1132 claim accrues when benefits are initially denied (before administrative appeals) or when administrative remedies have been exhausted.  Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318 (2d Cir. 2004); Roberts v. Metropolitan Life Ins. Co., 2007 WL 900920 (S.D.N.Y. 2007).  Both approaches have been used in this Circuit.  Compare Mitchell, 1997 WL 277381 at *5 ("a claim has not been clearly and unequivocally repudiated until the appeals process is completed"), with Patterson-Priori v. Unum Life Ins. Co. of Am., 846 F. Supp. 1102, 1108 (E.D.N.Y. 1994) ("this court finds as a matter of law that the point of accrual was . . . when defendant clearly repudiated plaintiff's right to benefits," and not when the plaintiff's later appeal was denied).  If Burke's claim began to accrue on May 12, 2003, when Hartford denied her LTD benefits, then her claim is time-barred.  But if the statute of limitations did not begin to run until Hartford denied her appeal on October 1, 2003, then her claim is timely.  I do not reach this issue.

administrator could "simply bury a denial of coverage and wait for the statute of limitations to run," overrode the policy's limitations provision and held that the "statute of limitations did not begin to run until [the claimant] had reason to know about the denial."  Id.

In Mitchell, Judge Mukasey followed Price in using the date on which benefits were denied, instead of the date on which written Proof of Loss was due, as specified in the insurance policy, to determine whether a § 1132 claim was time-barred.  The sole justification given for replacing the policy's terms was the court's concern of the unscrupulous plan administrator who could "'wait for the statute of limitations to run.'"  Mitchell, 1997 WL 277381, at *2 (quoting Price, 2 F.3d at 988).  Since Mitchell, other district courts in this Circuit have used the date of a plan administrator's "clear repudiation" as the start of the limitations period.  See, e.g., Manginaro v. Welfare Fund of Local 771, I.A.T.S.E., 21 F. Supp. 2d 284 (S.D.N.Y. 1998).  The Second Circuit has not decided the issue.

**B.    Enforceability of Contractual Limitations Provisions**

I respectfully decline to follow Mitchell, for circumstances have changed since it was decided.  First, it is unclear whether Price is still good law.  In 2000, the Ninth Circuit revisited the question whether contractual accrual dates could be enforced.  Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643 (9th Cir. 2000).  Although Wetzel did not explicitly discuss Price, at a minimum, it

drastically limited its reach to situations involving ERISA claims that are time-barred before a claimant exhausts administrative remedies.  While holding that "the accrual of an ERISA cause of action is determined by federal, rather than state, law," id. at 649, Wetzel recognized that the "viability of [an ERISA] claim is determined by the terms of the policy," id. at 650.  The Ninth Circuit accordingly remanded the case for consideration of the "contractual provisions for claims and proof of loss" in determining whether the claim was time-barred.  Id.

In a later case, the Southern District of California acknowledged that "the Court must also look to the provisions of the policy to determine whether Plaintiff's claims are time-barred," but nevertheless held that a "contractual limitations period is equitably tolled" from the time a claimant files a claim to the time the claim is denied.  Rudolff v. Provident Life & Accident Ins. Co., No. 01 Civ. 768 (AJB), 2002 WL 32072401, at *4 (S.D.C.A. Apr. 5, 2002) (quoting Wetzel, 222 F.3d at 650).  The effect of the Rudolff holding was that an ERISA claim did not begin to accrue until the insurance company denied benefits.  The court's rationale was that "an insurer [could] postpone a denial of coverage until the suit limitations period had expired."  Id. at 3.

I agree that it is troubling "to permit the limitations period to run while the insured is pursuing its rights in the claims process, as required by the policy."  Id. at 4.  But the concern in Price, Mitchell, and Rudolff that plan administrators

could drag the benefit determination process past the limitations period no longer holds true today, which is the second reason for applying the Plan's limitations clause.  In November 2000, the Department of Labor ("DOL") issued new regulations creating deadlines for administrative decisions on claims filed under ERISA plans after January 1, 2002.  Under the DOL regulations, a plan administrator must notify a claimant of an adverse benefit determination "not later than 45 days after receipt of the claim," but is granted up to two additional 30-day extensions to complete its review.  29 C.F.R. § 2560.503-1(f)(3).  If an extension is required because the claimant failed to submit information necessary to decide a claim, the claimant has 45 days to submit the requested information, id., and the period for making the benefit determination is tolled "from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information," id. at § (f)(4).

If the plan administrator denies the claim, the claimant has 180 days to appeal the decision.  Id. at § (h)(3)(i), (h)(4).  Plan administrators must decide the appeal within 45 days, with one 45-day extension allowed, if necessary.  Id. at § (i)(3).  Accordingly, the time it would take a claimant to exhaust administrative procedures is -- at most -- 450 days.  Hence, if the DOL's timeline applies, as it does here,[3] a

---

[3] Burke's Proof of Loss, which is essentially a claim for continuing LTD benefits, was due by April 27, 2003.  Accordingly, the 2000 DOL regulations applied to the administration of her

claimant would still have nearly two years to bring legal action under the Plan's limitations provision.  Indeed, Burke had over two years to file her complaint.

No case in this Circuit has yet addressed the implications of the DOL regulations on the enforceability of a policy-prescribed date of accrual that begins when Proof of Loss is due.  The DOL regulations, however, are significant because they fully mitigate the concern underlying Price and Mitchell, particularly in light of the consequences should claim administrators fail to meet the deadlines.

The Second Circuit has recently held that "substantial compliance" with regulatory deadlines is insufficient; claim administrators must strictly abide by the timeline set forth in the DOL regulations.  Nichols v. Prudential Life Ins. Co., 406 F.3d 98, 107 (2d Cir. 2005) (reasoning that "substantial compliance can delay accrual of the right to sue[, which] would permit plan administrators to indefinitely tie up claimants").  If a claim administrator misses a deadline, the claim is deemed denied and administrative remedies exhausted, thus allowing the claimant to bring her claim in federal court.  Id. at 104.  Once in federal court, a "deemed denied claim" is subject to de novo review, not the standard deferential review.  Id. at 109.  The Second Circuit's strict adherence to the DOL regulations thus attenuates the reasoning behind the Price and Mitchell decisions.

---

claim for continuing LTD benefits.

Third, forty-two states -- including New York -- and two U.S. territories have already approved the Proof of Loss contractual limitations provision at issue. <u>Wetzel</u>, 222 F.3d at 647 n.5 (listing the state and territory statutes).  Like other jurisdictions, New York requires certain standard provisions for group insurance policies sold in the state.  N.Y. Ins. Law § 3221 (McKinney 2007).[4]  The Plan's limitations provision more than meets the relevant statutory requirement, which provides that "no action at law or in equity shall be brought to recover on the policy . . . after the expiration of two years following the time such proof of loss is required by the policy."  § 3221(a)(14).

The minimum standards enacted in the New York Insurance Law were designed to protect the interests of both consumers and insurance companies.  Holding that the date when Proof of Loss is required cannot be applied as the accrual date would directly undermine the state legislature's determination that such a provision is sufficient to protect claimants.  See <u>Commissioner of Internal Revenue v. Beck's Estate</u>, 129 F.2d 243, 245 (2d Cir. 1942) (a court's "function, when dealing with legislative legislation, does not go beyond that of filling in small gaps left by the legislature"); N.Y. Stat. § 73 (McKinney 2007) ("The courts in construing statutes should avoid judicial legislation; they do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its action on matters within its powers.").

---

[4]     Judge Mukasey did not discuss New York Insurance Law § 3221 in <u>Mitchell</u>.

Fourth, upholding the Plan's written terms is in accord with at least four other circuits that have enforced identical limitations provisions.  See Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan, 426 F.3d 330 (5th Cir. 2005); Clark v. NBD Bank, 3 Fed. Appx. 500 (6th Cir. 2001); Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869 (7th Cir. 1997); Blaske v. UNUM Life Ins. Co. of Am., 131 F.3d 763 (8th Cir. 1997).  Only the Fourth Circuit has held that a policy-prescribed accrual date starting when Proof of Loss is due is unenforceable, because the insurance company could "us[e] the internal review mechanisms mandated by ERISA in a manner that undermines and potentially eliminates the ERISA civil right of action."  White v. Sun Life Assurance Co. of Canada, 488 F.3d 240, 247 (4th Cir. 2007).  The Fourth Circuit did consider the new DOL regulations in its analysis, but nevertheless concluded that the "time limits are long enough that depending on the length of the period in the plan, a plan's decision-making can eat up the entire limitations period."  Id. at 251.

The Fourth Circuit, however, did not consider the interplay between the DOL regulations and North Carolina's insurance law, which requires, at a minimum, a three-year limitations period running from "the time written proof of loss is required to be furnished."  N.C. Gen. Stat. Ann. § 58-51-15(a)(11) (West 2007).  With the minimum time limitations set by state law, and the outer time limits that a plan may take in deciding a disability claim set by federal regulations, the

possibility that the limitations period can run before a claimant is able bring her claim in federal court is non-existent.

Although the Fourth Circuit found support for its holding from "[o]ther circuits [that] have adopted [the federal] accrual rule," id. at 246, all five of the appellate decisions cited in White applied federal common law to supply the accrual date in the absence of policy-prescribed limitations clauses. Indeed, four of the five circuits have upheld policy-prescribed provisions similar to the one at issue in this case (see cases cited above), and the Ninth Circuit's decision in Wetzel suggests that, in general, the timeliness of an ERISA claim may be determined by the terms of a policy.  Wetzel, 222 F.3d at 650.

Finally, the documents that outline the terms of an ERISA plan constitute a written contract.  See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995) (a "core functional requirement[ of ERISA is] that every employee benefit plan shall be established and maintained pursuant to a written instrument") (internal quotations and citations omitted).  Courts accordingly apply contracts rules when interpreting an ERISA plan.  Lifson v. INA Life Ins. Co. of New York, 333 F.3d 349, 353 (2d Cir. 2003).  It is a fundamental contracts principle that a "court may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case." Cruden v. Bank of New York, 957 F.2d 961, 976 (2d Cir. 1992) (internal citations omitted).

Here, the Plan's limitations provision clearly bars legal action three years after Proof of Loss is due.  Absent evidence of unconscionability or fraudulent conduct, a court may not invalidate a written contractual term.  <u>Tucker Leasing Capital Corp. v. Pizzuti Dev., Inc.</u>, No. 91 Civ. 0238 (ADS), 1992 WL 554186, at *7 (E.D.N.Y. Jan. 7, 1992) ("Absent unequal bargaining power or unconscionability . . . a court will not rewrite a contract."); <u>see also</u> <u>Scheirer v. NMU Pension and Welfare Plan</u>, 585 F. Supp. 76, 79 (S.D.N.Y. 1984) ("Absent a finding of unconscionability of [the shorter statute of limitations provided for in the insurance policy], it would be anomalous for this Court to allow plaintiff to maintain an action to recover a benefit which was created by and exists solely because of the regulations of the Plan, while at the same time to deny effect to the conditions those same regulations place upon receipt of that benefit.").  Here, with the protections provided by the new DOL regulations, the Plan's limitations provision is not unconscionable.

Accordingly, in light of New York law, the deference generally afforded written contractual obligations, and the fact that there is no longer a reason not to enforce a policy-prescribed limitations provision, the Plan's limitations clause is upheld.

## CONCLUSION

For the reasons stated above, Burke's § 1132 claim is time-barred pursuant to the written terms of the Plan.  The

complaint is dismissed, with prejudice, but without costs and attorneys' fees.  The Clerk of the Court shall enter judgment accordingly and close the case.

    SO ORDERED.

Dated:    New York, New York
           February 29, 2008

                              DENNY CHIN
                              United States District Judge